UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation

       Plaintiff,

v.                                            Case No:  2:17-cv-55-FtM-38CM

G.R. CONSTRUCTION
MANAGEMENT, INC. and DANA M.
DICARLO, as Trustee of the DANA
M. DICARLO REVOCABLE TRUST
DATED FEBRUARY 1, 2007,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

       This matter comes before the Court on Plaintiff Mid-Continent Casualty Company's ("Mid-Continent") Response to Order to Show Cause (Doc. 16) filed on March 10, 2017. In its response, Mid-Continent provided insufficient information for this Court to determine if it has subject matter jurisdiction under 28 U.S.C. § 1332. (Doc. 16). Thus, the Complaint is dismissed without prejudice.

       Special jurisdictional concerns arise when a trust or trustee is involved. (Doc. 10). "If a complaint's factual allegations do not assure the court it has subject matter

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

jurisdiction, then the court is without power to do anything else in the case." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citation omitted). Mid-Continent has the burden to plead diversity and must allege facts demonstrating the existence of diversity jurisdiction. *See Wells Fargo Bank, N.A. v. Mitchell's Park, LLC*, 615 F. App'x 561, 563 (11th Cir. 2015) ("The party filing a diversity lawsuit in federal court bears the burden of establishing, by a preponderance of the evidence, that all parties are completely diverse."); *see also Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (discussing the need for complete diversity to establish federal subject matter jurisdiction). Here, Mid-Continent has not plead facts or provided sufficient information to establish diversity jurisdiction. (Doc. 1; Doc. 16).

To start, it is still unclear if Mid-Continent is suing (1) Dana M. Dicarlo in her capacity as a trustee or (2) the Dana M. Dicarlo Trust. Simply put, is Mid-Continent suing the trust, trustee, or both? The Court expects Mid-Continent to clear up this issue, if it chooses to amend. Moreover, Mid-Continent's allegation that Dana M. Dicarlo is "residing" in Baltimore, Maryland is not enough to establish diversity. (Doc. 1 at ¶ 4). Where a party invokes federal subject matter jurisdiction based on diversity, he or she must allege facts sufficient to show the citizenship of each party. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity . . . ." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Mid-Continent has not alleged Dana M. Dicarlo's citizenship and, therefore, has not alleged diversity.

Mid-Continent also "believes that the [Dana M. DiCarlo Revocable Trust Dated February 1, 2007] is a 'traditional trust' established for the benefit of its beneficiar[ies] . .

2

. . ." (Doc. 16 at ¶ 8). To the extent Mid-Continent is suing a traditional trust, it needs to plead the citizenship of all trustees. *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). While Mid-Continent contends that it possesses no specific knowledge regarding the number of trustees, that does not relieve its burden to plead facts sufficient to establish jurisdiction. (Doc. 16 at ¶ 7). Further, the "mere designation of an entity as a trust rather than an unincorporated association is not controlling for purposes of determining diversity of citizenship." *Bearse v. Main St. Investments*, 220 F. Supp. 2d 1338, 1344 (M.D. Fla. 2002) (*citing Xaros v. U.S. Fid. & Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987))*. Therefore, Mid-Continent must allege facts sufficient to establish Dana M. Dicarlo Revocable Trust as a traditional trust. But if it turns out that the Dana M. Dicarlo Revocable Trust is an unincorporated business trust, citizenship is based on the citizenship of its shareholders. *Crook-Petite-El v. Bumble Bee Seafoods L.L.C.*, 502 F. App'x 886, 887 (11th Cir. 2012) (citation omitted).

If Mid-Continent is suing Dana M. Dicarlo as a trustee, the citizenship of the trustee is what matters for diversity purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980). But a trustee also must have customary powers to hold, manage, and dispose of assets for the benefits of others to be a real party to the controversy. *Id.* at 464. Therefore, Mid-Continent must not only establish Dana M. Dicarlo's citizenship, but also establish her as a real party to the controversy.

The Court will allow Mid-Continent an additional opportunity to amend its Complaint to cure the defective jurisdictional allegations.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff Mid-Continent Casualty Company may file an Amended Complaint on or before April 24, 2017, that properly alleges federal jurisdiction. **Failure to comply by the deadline will result in this matter being closed**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of April, 2017.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record