UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation

    Plaintiff,

v.                                              Case No: 2:17-cv-55-FtM-38CM

G.R. CONSTRUCTION
MANAGEMENT, INC. and DANA
M. DICARLO,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Joint Motion to Stay Discovery Pending Ruling on Defendants' Motions to Dismiss or, in the Alternative, Stay Amended Complaint for Declaratory Relief (Doc. 44) filed on July 24, 2017. On May 8, 2017, Defendants filed two motions to dismiss Plaintiff's Amended Complaint. Docs. 36, 37. Defendants seek to stay discovery pending judicial ruling on their motions to dismiss. Doc. 44. Plaintiff opposes the requested relief. Doc. 45.

Plaintiff brought this action, seeking declaratory relief. Doc. 30. Plaintiff's claim for declaratory relief involves the remodeling and renovation of a luxury home owned by Defendant Dana M. DiCarlo ("DiCarlo"). *Id.* ¶ 1. Plaintiff entered into insurance contracts with Defendant G.R. Construction Management, Inc. ("GRC"), providing a coverage for GRC's property damage liability under various conditions. *Id.* ¶¶ 8-9. In 2007, DiCarlo executed a contract with GRC to renovate her house at

issue. *Id.* ¶ 14. GRC worked on renovating the house from approximately July 2007 to October 2008. *Id.* ¶ 15. During the summer of 2014, DiCarlo allegedly discovered latent defects in the house. *Id.* ¶ 16. As a result, she filed a lawsuit against GRC in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida based on GRC's alleged negligence in renovating the house. *Id.* ¶ 17. Plaintiff is currently defending GRC in the state court action. *Id.* ¶ 18. On April 24, 2017, Plaintiff filed an Amended Complaint for Declaratory Relief,[1] seeking to determine the scope of its obligations to indemnify GRC under their insurance contracts. *Id.* ¶ 1.

On May 3, 2017, the Court entered a Case Management and Scheduling Order ("CMSO"), setting the deadlines to disclose expert reports for Plaintiff to March 19, 2018 and for Defendants to April 23, 2018, the discovery deadline to June 4, 2018, the mediation deadline to June 29, 2018, the deadline for dispositive motions to July 27, 2018 and a trial term of December 3, 2018. Doc. 35.

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997). "[N]either the parties nor the court have any need for discovery before the court rules on the motion" because the dispute

---

[1] On January 27, 2017, Plaintiff filed a Complaint for Declaratory Relief ("Complaint") against Defendants. Doc. 1. On April 10, 2017, United States District Judge Sheri Polster Chappell dismissed without prejudice the Complaint for lack of subject matter jurisdiction and allowed Plaintiff to file an amended complaint. Doc. 29.

is purely legal and involves no issues of fact. *Id.; Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama* does not stand, however, for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

"A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted). This does not require the Court to decide on a pending dispositive motion. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court also must balance the harm produced by a delay in discovery against the possibility the motion will be granted and entirely eliminate the need for such discovery, which involves "weighing the likely costs and burdens of proceeding with discovery." *McCabe,* 233 F.R.D. at 685 (citation and quotation marks omitted). The Court has broad discretion to stay discovery pending resolution of a dispositive motion. *Hovermale v. Sch. Bd. of Hillsborough Cty Fla.*, 128 F.R.D. 287, 289 (M.D.

Fla. 1989).

Defendants argue that their motions to dismiss are meritorious because Plaintiff filed this action prematurely. Doc. 4 at 4. Defendants assert that Plaintiff has not been found liable in the underlying state court action, and until Plaintiff is found to be so, Plaintiff's duty to indemnify is not ripe for adjudication. *Id.* Defendants also assert that staying this case will conserve the parties' and judicial resources, preventing unnecessary discovery and motion practice. *Id.* at 4-5. Plaintiff responds that Defendants' motions to dismiss are not meritorious, and it has not served any discovery requests to impose unnecessary costs on Defendants. Doc. 45 at 3-4. Furthermore, Plaintiff argues that it needs to engage in discovery to meet the deadline of March 19, 2018 for disclosure of expert reports and to advance its case here. *Id.* at 5. As a result, Plaintiff asserts that staying discovery would harm Plaintiff by hampering its ability to effectively prosecute this case. *Id.*

Here, the Court finds that staying discovery is appropriate. After taking a "preliminary peek" at the pending motions to dismiss (Docs. 36, 37) challenging the legal sufficiency of the Amended Complaint, the Court finds it to be meritorious. *See McCabe,* 233 F.R.D. at 685. As explained by Defendants, a court in this district stayed a similar action for declaratory judgment because the court found that its declaration regarding the insurer's duty to indemnify would be premature until the underlying state court action is resolved. Doc. 44 at 4; *Mid-Continent Cas. Co. v. Nassau Builders, Inc.,* No. 3:16-cv-921-J-34JRK, 2017 WL 1191383, at *3 (M.D. Fla. Mar. 31, 2017). The court held that "a declaration regarding an insurer's duty to

indemnify prior to a determination of an insured's liability is premature because the duty to indemnify is 'dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.'" *Mid-Continent Cas.*, 2017 WL 1191383, at *3 (citing *Diamond State Ins. Co. v. Boys' Home Ass'n, Inc.*, 172 F. Supp. 3d 1326, 1342 (M.D. Fla. 2016)). The court further noted that "case law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *Id.* (alteration in original) (internal quotation marks omitted) (citing *Allstate Prop. & Cas. Ins. Co. v. Peluchette*, No. 15-CV-80325-KAM, 2015 WL 11438215, at *4-*5 (S.D. Fla. July 30, 2015)). As a result, the Court finds the motions to dismiss to be clearly meritorious and truly case dispositive. *See McCabe,* 233 F.R.D. at 685; *Chudasama,* 123 F.3d at 1367.

On the other hand, the Court finds that Plaintiff will suffer little harm from not engaging discovery before judicial resolution of the motions to dismiss. *See McCabe,* 233 F.R.D. at 685. The case is still in its early stage because the Amended Complaint was filed on April 24, 2017. Doc. 30. Furthermore, Plaintiff will have ample opportunity and time to engage in discovery even if this case is stayed because Plaintiff has until March 19, 2018 to disclose expert reports, and the parties have until June 4, 2018 to conduct discovery. Doc. 35 at 1. Because the motions to dismiss might dispose of the entire case, and the parties have ample time to conduct discovery, the Court finds appropriate to exercise its broad discretion to stay this action. *See McCabe,* 233 F.R.D. at 685; *Hovermale*, 128 F.R.D. at 289.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Joint Motion to Stay Discovery Pending Ruling on Defendants' Motions to Dismiss or, in the Alternative, Stay Amended Complaint for Declaratory Relief (Doc. 44) is **GRANTED**. Discovery is **STAYED** pending judicial resolution of the motions to dismiss (Docs. 36, 37) or further Order of the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record