UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation

    Plaintiff,

v.                                           Case No:  2:17-cv-55-FtM-38CM

G.R. CONSTRUCTION
MANAGEMENT, INC. and DANA M.
DICARLO,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants G.R. Construction Management, Inc.'s ("GRC") and Dana M. DiCarlo's Motions to Dismiss or, in the Alternative, Stay the Amended Complaint (Docs. 36; 37). Plaintiff Mid-Continent Casualty Company ("MCC") has filed responses to both Motions to Dismiss (Docs. 38; 39). Because the motions present overlapping arguments, the Court will address them collectively here.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Unless stated otherwise, the following facts are drawn from the Amended Complaint for Declaratory Relief (Doc. 30) and attachments, and will be construed in a light most favorable to MCC.

Ten years ago, DiCarlo hired GRC, a certified general contractor, to remodel and renovate his home. (Doc. 30 at ¶¶ 1, 14; Doc. 30-4 at ¶¶ 4, 10). During the summer of 2014, DiCarlo allegedly discovered various latent defects and damages that could not have been reasonably discovered until that time. (Doc. 30 at ¶ 16). DiCarlo thus sued GRC and others in state court for negligence (the "Underlying Action"). (Doc. 30 at ¶ 17). MCC insures GRC and is currently defending it in the Underlying Action, subject to a full and complete reservation of rights. (Doc. 30 at ¶ 17). MCC issued commercial general liability policies to GRC, each lasting for a one year period (collectively, the "Insurance Policies"). (Docs. 30 at ¶ 8; 36 at 2; *see* Docs. 30-1; 30-2; 30-3). Pertinent here, the Insurance Policies contained an insuring agreement, exclusions, definitions, and endorsements, that MCC argues could affect their duty to indemnify GRC. (Doc. 30 at ¶¶ 9-12, 20-32).

MCC now brings this action for declaratory relief, pursuant to 28 U.S.C. § 2201, requesting that the Court determine the scope of MCC's obligations, if any, to indemnify GRC should it be found liable in the Underlying Action. (*See* Doc. 30). Defendants GRC and DiCarlo seek to dismiss MCC's amended complaint, arguing that the issue of indemnification is not ripe until the Underlying Action has been resolved and liability found by the state court. (Docs. 36 at 4-8; 37 at 3-6). MCC disagrees. It contends that the declaration it seeks here can be determined independently of the Underlying Action, and

that continuing this action could be beneficial to clarifying the parties' legal relationships and decision-making in the Underlying Action. (Doc. 38 at 2, 10-11).

**DISCUSSION**

Where there is "a case of actual controversy" the Declaratory Judgment Act (the "Act") provides discretion to "any court of the United States . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). While the Act grants federal courts discretion and "competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). The term "'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). "Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

Turning to the case at hand, the Court finds that MCC's indemnification issue is not yet ripe for review, and thus is due to be dismissed. "The ripeness doctrine involves consideration of both jurisdictional and prudential concerns" and "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Id.* "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id.* (citing *Abbott Lab. v. Gardner*, 387 U.S. 136, 149 (1967)). Under the

Act, the case or controversy requirement "provides that a declaratory judgment may only be issued in the case of an 'actual controversy.' That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985) (citation omitted). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury" and "[t]he remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Id.* at 1552 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).

As stated, MCC seeks to clarify its duty to indemnify GRC, but that duty is inherently unclear because the state court has not yet decided GRC's liability, if any, in the Underlying Action. Because the state court case is ongoing, MCC is concerned with a potential future injury that is neither real nor immediate at this time. If GRC is found not liable then there is no need for MCC to indemnify it. There is also no current "substantial continuing controversy" between MCC and GRC involving "adverse legal interests," nor is there any considerable hardship for MCC if the Court withholds consideration of this issue.[2] Continuing the instant action could require the Court to engage in undue consideration of an abstract dispute, where the potential for legal adversity is contingent upon the ruling of the state court in the Underlying Action. Such a speculative exercise by the Court is inconsistent with Article III and the Act.

---

[2] The only evident controversy between the two parties is the one created by MCC in initiating the instant action. If anything, MCC and GRC have aligned legal interests, as MCC is defending GRC in state court in the Underlying Action. It would be in MCC's and GRC's mutual interest for GRC to be found not liable, as it would spare GRC from having to pay damages and save MCC from having indemnify GRC in accordance with its Insurance Policies.

4

Other courts have found that it is improper to adjudicate an indemnification issue before the underlying state court action is concluded. "The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims." *J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014). "Because an insurer's duty to indemnify is dependent on the outcome of the case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (citations omitted). Thus, determining MCC's duty to indemnify when the state court has not determined whether GRC is liable would be a premature exercise in hypotheticals. *See Interstate Fire & Cas. Co. v. McMurry Constr. Co., Inc.*, No. 6:16-cv-841-Orl-41TBS, 2017 WL 821746, at *3-4 (M.D. Fla. Mar. 2, 2017) (dismissing a declaratory judgment action because no immediate controversy or impending injury could be ascertained until after the underlying state court claim was resolved, and thus the case was not ripe for review). It would be prudent to allow the Underlying Action to conclude, where the parties have already begun discovery and where the state trial court is in a better position to evaluate the facts and the legal arguments that follow. After the Underlying Action has concluded, the Court could reference the finalized record if litigation were to proceed on this issue in the future.

What is more, MCC's reliance on *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2004) is unconvincing. In *Higgins*, the Florida Supreme Court held that the Florida Declaratory Judgment Act "authorize[s] declaratory judgments in respect to insurance policy indemnity coverage and defense obligations in cases where it is necessary to resolve issues of fact in order to decide the declaratory judgment action."

*Id.* at 15. MCC argues that the Court is "*Erie*-bound" to follow Florida law, and therefore, bound to follow *Higgins*. (Doc. 38 at 3-4). "A federal court sitting in diversity is required to apply . . . federal procedural law." *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). And "[t]he Eleventh Circuit has expressly held that the operation of the Declaratory Judgment Act . . . is procedural only." *Burlington Ins. Co. v. Wilford Roofing Co., Inc.*, No. 3:13-cv-944-J-39MCR, 2015 WL 12546284, at *2 (M.D. Fla. Mar. 11, 2015) (citing *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995)). Because MCC brings this case under the federal Declaratory Judgment Act, *Higgins* does not apply here. *Id.*; *see also Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, No. 3:16-cv-921-J-34JRK, 2017 WL 1191383, at *7 (M.D. Fla. Mar. 31, 2017) (finding that *Higgins* is not binding because the case was brought under the federal Declaratory Judgment Act); *McMurry*, 2017 WL 821746, at *4 (finding *Higgins* irrelevant to whether the court should dismiss the federal declaratory judgment action). Even if the Court were *Erie*-bound to follow *Higgins*, as MCC argues, there is nothing in *Higgins* to suggest that its holding would force the Court to continue with this action or overpower the Court's discretion on whether to grant a declaratory judgment.

In sum, the Court holds that dismissal of this action is proper because it is not ripe as a case of actual controversy. Because the Court is dismissing this case, it need not address Defendants' alternative request to stay this action.

Accordingly, it is now

**ORDERED:**

1) Defendants G.R. Construction Management, Inc.'s and Dana M. DiCarlo's Motions to Dismiss (Docs. 36; 37) are **GRANTED**.

2) Plaintiff's Amended Complaint for Declaratory Relief is **DISMISSED without prejudice**.

3) The Clerk is directed to enter judgment accordingly, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of October, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record