UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation

       Plaintiff,

v.                                                         Case No:   2:17-cv-55-FtM-38CM

G.R. CONSTRUCTION
MANAGEMENT, INC. and DANA
M. DICARLO,

       Defendants.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of G.R. Construction Management, Inc.'s Verified Motion for Attorney's Fees (Doc. 51)[2] filed on November 10, 2017 and G.R. Construction Management, Inc.'s Supplement to its Verified Motion for Attorney's Fees (Doc. 52) filed November 16, 2017. Defendant G.R. Construction Management, Inc. (GRC) requests attorney's fees and costs in the

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

amount of $43,325.00 [3] as the prevailing party under Florida Statutes section 627.428. Docs. 51, 52. Plaintiff Mid-Continent Casualty Company (MCC) filed Plaintiff Mid-Continent Casualty Company's Memorandum of Law in Opposition to G.R. Construction Management. Inc.'s Verified Motion for Attorney's Fees (Doc. 55) on December 8, 2017, opposing the request and disputing GRC's entitlement to attorney's fees. GRC filed a reply (Doc. 58) on December 29, 2017, and a second supplement to the Motion (Doc. 59) on January 5, 2018. The matter is ripe for judicial review.

## I. Background

Defendant Dana M. Dicarlo, as Trustee of the Dana M. Dicarlo revocable trust dated February 1, 2006 (Dicarlo), filed suit against Defendant GRC, among others, in state court on April 23, 2015 (the "Underlying Action"), alleging GRC was negligent in performing work and supervising subcontractors performing work on its behalf to remodel Dicarlo's property. Doc. 30-4. GRC had four separate commercial general liability policies (collectively "the Policies") from MCC that combined covered a four-year span. Docs. 30, 30-1 to 30-3. While defending GRC under a reservation of rights in the Underlying Action, MCC filed this case seeking declaratory relief regarding its obligations to indemnify GRC under the Policies based on certain exclusions, definitions, and endorsements. Doc. 30.

---

[3] GRC seeks $20,385.00 for the time its attorneys spent litigating the case, and $15,232.50 for litigating attorney's fees. Doc. 51 at 11–12, Doc. 52 at 3. It also seeks an additional $7,707.50 for filing a reply to MCC's response. Doc. 59.

On motions from both GRC (Doc. 36) and Dicarlo (Doc. 37), the district judge dismissed the case for lack of ripeness because the Underlying Action was still pending. Doc. 47 at 4–7. The district judge explained: "Because the state court case is ongoing, MCC is concerned with a potential future injury that is neither real nor immediate at this time. If GRC is found not liable then there is no need for MCC to indemnify it." Doc. 47 at 4. The Clerk of Court then entered the Judgment dismissing the case without prejudice. Doc. 48.

## II. Analysis

### a. Entitlement to Fees

Parties generally are required to bear their own litigation expenses regardless of who wins or loses. Fox v. Vice, 563 U.S. 826, 832 (2011). Exceptions exist, however, where Congress has authorized courts to deviate from this rule in certain types of cases by shifting fees from one party to another. Id. And "in diversity cases a party's right to attorney's fees is determined by reference to state law." Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc., 270 F. App'x 962, 963 (11th Cir. 2008). Section 627.428(1), Florida Statutes, provides, in pertinent part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any . . . insured . . . under a policy or contract executed by the insurer, the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the . . . attorney prosecuting the suit in which the recovery is had.

This provision applies regardless of which party brought suit. Prime Ins. Syndicate, 270 F. App'x at 963 (citing Roberts v. Cater, 350 So. 2d 78, 79 n.6 (Fla. 1977)). It also does not require the insured to prevail on the merits. Id. at 964. Nor does it require a

finding of coverage or money judgment in favor of the insured. *Rodriguez v. Government Employees Ins. Co.*, 80 So. 3d 1042, 1044–45 (Fla. 4th DCA 2011). Instead, a dismissal of an insurance company's claim or counterclaim against an insurer is "the rendition of a judgment" against an insurer in favor of an insured referenced in section 627.428(1). *Dawson v. Aetna Cas. & Sur. Co.*, 233 So. 2d 860, 861 (Fla. 3d DCA 1970).

Section 627.428's purpose "is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees when they are compelled to defend or sue to enforce their insurance contracts." *Ins. Co. of N. Am. v. Lexow*, 602 So. 2d 528, 531 (Fla. 1992). It therefore "is a one-way street offering the potential for attorneys' fees only to the insured or beneficiary." *Danis Indus. Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421 (Fla. 1994).[4] Because the statute is penal in nature, courts strictly construe

---

[4] In *Danis*, the Florida Supreme Court explained:

> [W]e agree with the lower courts that a "prevailing insured or beneficiary" is one who has obtained a judgment greater than any offer of settlement previously tendered by the insurer. *Danis,* 629 So.2d at 987. Absent that, the insured or beneficiary is entitled to no fee award.

*Danis Indus. Corp.* 645 So. 2d 420, 421 (Fla. 1994). This reasoning applies to cases initiated by the insured to enforce the insurance policy and recover the proceeds. The insured is required to recover more than the insurer was already willing to pay prior to the action to be entitled to attorney's fees. The reasoning in *Danis*, however, is inapplicable where an insurer initiates a declaratory action, forcing the insured to defend against the insurer. *Coppola v. Federated Nat. Ins. Co.*, 939 So. 2d 1171, 1174 (Fla. 4th DCA 2006). In such cases, "Florida courts routinely award attorney's fees," and no monetary recovery is required because dismissal amounts to a total recovery. *GEICO Gen. Ins. Co. v. Gould*, No. 8:12-CV-1066-T-35TBM, 2014 WL 12617796, at *2–3 (M.D. Fla. Oct. 20, 2014). Such a distinction is consistent with section 627.428's purpose to penalize an insurer for unnecessarily forcing an insured into litigation,

its language. *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 1010 (11th Cir. 2001) (citing *Great Southwest Fire Ins. Co. v. DeWitt*, 458 So. 2d 398, 400 (Fla. 1st DCA 1984)). But where a suit fits within section 627.428, the entry of an award of attorney's fees is mandatory and non-discretionary. *Citizens Property Ins. v. Bascuas*, 178 So. 3d 902, 904 (Fla. 3d DCA 2015); s*ee also Lexow*, 62 So. 2d at 531 ("If the dispute is within the scope section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees."). In determining the amount of the fee award, the Court "may take into account the fact that the insured or beneficiary has not prevailed on all issues and the degree to which this has extended the litigation or increased its costs." *Danis Indus. Corp*, 645 So. 2d at 421.

      GRC contends that the district court's Order and subsequent judgment in its favor entitles it to attorney's fees under the plain language of section 627.428. MCC responds that a motion for attorney's fees is premature, arguing this case is no different than ones in which the courts chose to stay cases rather than dismiss them. Doc. 55 at 1–2. It argues it should not be penalized because the district court chose to dismiss its case. Doc. 55 at 1–2. MCC contends that awarding attorney's fees in this case where courts have declined to do so in cases where the actions are stayed would violate the Equal Protection Clause. Doc. 55 at 2-4. It also contends that all but one of the cases GRC cites to support GRC's entitlement to fees are distinguishable. Doc. 55 at 4.

---

whether as the plaintiff or the defendant.

MCC's arguments are unavailing. As to equal protection, even if MCC were attempting to make a genuine equal protection argument, which it does not appear to be based on its acknowledgement that such a claim is not properly before the Court and its failure to fully brief the issue, the basis of the claim in incorrect: that entitlement to attorney's fees depends on whether a court decides to stay or to dismiss a case. The fact that a resolution on the merits of an insurer's claim will be made later or in another forum does not eliminate entitlement to fees under section 627.428. In *Travelers Home and Marine Insurance Company v. Calhoun*, 2014 WL 1328968 (M.D. Fla. April 2, 2014), the district court dismissed the action on abstention grounds, and the defendant was entitled to fees having succeeded on a motion to dismiss, regardless of whether it met the prevailing party standard, or there had not yet been a determination that the insurer acted in bad faith. *Id.* at \*6-7; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.,* No. 10-60273-CV, 2011 WL 13214289, at \*2-3 (S.D. Fla. Aug. 22, 2011), *report and recommendation adopted,* No. 10-60273-CV, 2011 WL 13214290 (S.D. Fla. Sept. 13, 2011) (rejecting argument that fee issue was premature where the district court dismissed the case for failing to present a "case or controversy").

In contrast, in *Founders Insurance v. Cortes-Garcia*, No. 8:10-cv-02286-T-17AEP, 2013 WL 461731 (M.D. Fla. Feb. 7, 2013), the district court had entered partial summary judgment as to the duty to defend but had not yet resolved the duty to indemnify when the insured moved for attorney's fees. Even though the claims were severable, the court denied the motion for fees as premature, because that same

court would have had to rule on a second motion for fees if it later entered judgment as to the duty to indemnify. *Id.* at *7. The court explained, "[I]t appears that while technically a judgment has been entered in the case and can be the basis for an insured to recover fees under the statute, that if an appeal is pending or other issues remain unresolved, the proper procedure is to deny the motion for fees and costs pending a final resolution in the case." *Id.* In *Axis Surplus Ins. Co. v. Contravest Constr. Co.,* 877 F. Supp. 2d 1268 (M.D. Fla. 2012), the district court similarly ruled the motion for attorney's fees was premature because the insured sought fees for both its claim on the duty to defend and the duty to indemnify, even though the latter claim was unresolved. *Id.* at 1270–71. If the court had not deferred ruling, it would have been to avoid ruling twice, and if the insured lost the indemnity issue, it would have to reduce the insured's award. Here, MCC will have to refile if necessary to determine coverage upon resolution of the Underlying Action. As the court noted in *Founders*, there is a distinction between unresolved issues that will take place in a wholly separate proceeding, and in that circumstance, attorney's fees should be decided on the conclusion of the current proceeding. *Founders*, 2013 WL 461731, at *9.

      MCC also attempts to distinguish *Prime Insurance Syndicate* based on the grounds for dismissal—lack of diversity instead of lack of ripeness. Doc. 55 at 4. Such an argument is based on a distinction without a difference. In either case, the insurer's suit will be litigated again—one in a different time (after resolution of the underlying action) and the other in a different place (state court). If the second suit

results in liability against the insurer, it will again be liable for additional attorney's fees under section 627.428. Similarly, there is no significant difference in the case of *GEICO Gen. Ins. Co. v. Gould*, No. 8:12-CV-1066-T-35TBM, 2014 WL 12617796 (M.D. Fla. Oct. 20, 2014). There, the insurer's case was dismissed because the insured was an improper party. *Id.* at *1–2. Although MCC is correct the insured will not later become a proper party in that proceeding, it ignores the critical fact determinative of entitlement to fees: that the insured "successfully defended [its] case and 'obtained 'total and complete' recovery through the dismissal of the action." *Gould*, 2014 WL 12617796, at *3. As in *Gould*, the insured here was compelled to defend itself and obtained complete recovery by way of dismissal of MCC's case. *See id.* The purpose of the statute is to discourage lawsuits in which insureds have to litigate against their own insurance companies, either prosecuting a lawsuit to obtain payment under a policy or having to defend against an unnecessary lawsuit. Here, MCC chose to file a case before it was ripe for review. There is no reason for the Court to distinguish this case from cases in which an insurer chose to file a case in a court that did not have jurisdiction or against an improper party. Based on section 627.428, as between the insurance company and the insured, the insurance company should bear the cost of that ultimately unnecessary suit. Accordingly, the Court recommends finding GRC is entitled to fees under section 627.428.

### b. Reasonableness of Fees[5]

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The court must exclude hours that were not reasonably expended and hours that are redundant, excessive, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The party requesting the fee should submit documentation in support of the request. *Id. at 433*. If the documentation in support of the request is inadequate, the court may reduce the award accordingly. *Id.*

When a party, or as in this case, a claimant, makes a claim for fees, it is the claimant's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th

---

[5] GRC notes that MCC does not dispute the reasonableness of its requested fees and contends that such a failure is amounts to a concession, citing an unrelated and unpublished criminal case. Doc. 58 at 6 (citing *United States v. Crawford*, No. 2:12-cr-20-FtM-29SPC, 2013 WL 1629218 (M.D. Fla. Apr. 16, 2013)). Even if MCC had not responded to GRC's motion at all, however, the Court has an independent obligation to review fee motions before it to determine reasonableness of the hourly rates and the number of hours. *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015); *see also Norman*, 836 F.2d at 1304.

Cir. 1999) (citing *Norman*, 836 F.2d at 1303). Moreover, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Barnes*, 168 F.3d. at 427.

### 1. Reasonable Hourly Rates

In support of its request, GRC verified its motion, submitted invoices containing time sheets, and documentation stating the background and qualifications of both attorneys that worked on this case. Doc. 51 at 8-10, Doc. 51-5, Doc. 51-6, Doc. 52-1, Doc. 59-1. MCC did not address the reasonableness of GRC's requested fees. Doc. 55. Nevertheless, the burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at \*2 (M.D. Fla. Sept. 21, 2009).

Upon review of the time sheets, the Court finds that the requested rates should be reduced. GRC requests $300 per hour for associate Ashley Jordan and $475 per hour for partner Christine Gudaitis. Doc. 51 at 9–10. "If a fee applicant desires to

recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437. GRC has not made such a showing. Although such rates may prevail in the Miami area where both attorneys practice, they are not the prevailing market rates in Fort Myers. This district previously has determined that an hourly rate of $225.00 per hour is a reasonable rate for an associate practicing for 9 years in the Fort Myers, Florida market. *See Hamprecht v. Hamprecht*, No. 2:12-cv-125-FtM-29DNF, 2013 WL 1155675, at *4 (M.D. Fla. Mar. 14, 2013). As Ms. Jordan's experience is comparable having practiced for 8 years, $225 is a reasonable hourly rate. *See id.* As for partners, this Court previously has determined that $400.00 per hour is a reasonable rate in the Fort Myers, Florida market for an attorney with 15 years of experience and language skills. *See id.* at *3-4. Thus, the Court finds that a fee of $400 is reasonable for Ms. Gudaitis, given her length of practice and specialization.

### 2. Reasonable Hours

An attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel, *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing *Norman*, 836 F.2d at 1301). It does not appear from the time sheets that any reductions were made prior to submitting them to the Court.[6] Having conducted a thorough review of the invoices

---

[6] Although GRC argues it has reduced its fees by 10% to demonstrate its vetting of the entries and removal of purely administrative work, Doc. 51 at 11, such a reduction cannot be found on the time sheets. They appear to be invoices as would

containing GRC's counsel's time sheets, the Court finds several categories of reductions are necessary. Except as noted below, the Court finds the remainder of the billed hours requested to be reasonable.

### a. Multiple Attorneys

Fee applicants also must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary [hours]." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983). These hours tend to occur when more than one attorney represents a client. *Id.* at 432 (citation omitted). While "'[t]here is nothing inherently unreasonable about a [claimant] having multiple attorneys," it is the claimant's burden to show that the time spent by those attorneys reflects a distinct contribution by each lawyer to the case. *Id.* (citation omitted). Here, there are a number of billing entries reflecting communication between Ms. Jordan and Ms. Gudaitis that do not support a finding that each made a distinct contribution. Indeed, a number of time entries appear to be the attorneys explaining to each other what they have done, are doing, or are going to do. Such entries are either excessive, redundant, or otherwise unnecessary. The Court therefore recommends reducing the requested fees by eliminating the entries with calls or emails between the two attorneys, which include the following:

| Date | Atty | Description | Hours |
|---|---|---|---|
| 03/27/17 | CAG | Additional revisions to draft motion to dismiss, confer with ABJ via email re: additional edits | 1.50 |
| 03/27/17 | ABJ | Email exchanges with CAG re: edits to motion to dismiss/stay | 0.20 |
| 03/27/17 | ABJ | Draft email memo to CAG outlining updated case plan | 0.10 |
| 04/25/17 | ABJ | Draft email to CAG outlining updated task list | 0.20 |

---

have been sent to the client, without any reductions noted.

| Date | Atty | Description | Hours |
|---|---|---|---|
| 04/27/17 | ABJ | Telephone call with CAG re: drafting letter to client re: budget going forward and Rule 26 initial disclosures | 0.10 |
| 04/28/17 | ABJ | Several rounds of revisions to letter to client re: budget going forward and other matters, incorporating CAG revisions | 0.90 |
| 05/02/17 | CAG | Review/analyze revised motion to dismiss, review cases and draft memo to ABJ with requested changes/additions | 0.50 |
| 05/02/17 | ABJ | Telephone call with CAG re: drafting motion to dismiss/stay MCC's amended complaint and other matters | 0.20 |
| 05/03/17 | CAG | Communicate (in firm) with ABJ re: edits to motion to dismiss | 0.20 |
| 05/04/17 | CAG | review/analyze ABJ's edits to motion to dismiss, request additional edit, and approve to send to client[7] | 0.50 |
| 05/05/17 | CAG | Final revisions to motion, confer with ABJ re: same | 0.40 |
| 05/05/17 | ABJ | Email exchanges with CAG re: revisions to motion to dismiss/stay amended complaint | 0.10 |
| 05/15/17 | CAG | Review/analyze deadlines and draft memo to ABJ re: Rule 26 Disclosures | 0.20 |
| 05/16/17 | ABJ | Email exchanges with CAG re: drafting Rule 26 initial Disclosures | 0.10 |
| 05/16/17 | ABJ | Draft memo to CAG outlining updated case plan | 0.10 |
| 05/23/17 | CAG | Communicate (in firm) with ABJ re: strategy, direction to call client re: mediation and defense counsel | 0.20 |
| 06/29/17 | ABJ | Draft email memo to CAG outlining updated case plan | 0.10 |
| 06/30/17 | CAG | Review/analyze ABJ's memo re: her call with defense counsel | 0.10 |
| 10/11/17 | ABJ | Call with CAG re: next steps re: 627.428 fee issue | 0.10 |
| 10/11/17 | ABJ | Draft email memo to CAG outlining case plan | 0.10 |
| 10/11/17 | ABJ | Draft email memo to CAG outlining client's entitlement to 627.428 fees & recommendations re: next steps | 0.60 |
| 10/19/17 | ABJ | Draft email memo to CAG outlining basis for entitlement to Section 627.428 fees | 0.40 |
| 10/30/17 | CAG | Communicate (in firm) with ABJ re: fee motion | 0.10 |
| 10/30/17 | ABJ | Call with CAG re: motion for fees | 0.10 |
| 11/02/17 | ABJ | Call with CAG re: fee motion deadlines and reviewing fee bills | 0.10 |
| 11/06/17 | ABJ | Draft memo to CAG outlining updated task list | 0.10 |
| 11/07/17 | ABJ | Email exchanges with CAG re: order granting motion for extension of time to file motion for fees & motion for fees | 0.20 |
| 11/08/17 | ABJ | Draft email to CAG with recommendations re: filing affidavit in support of fee motion | 0.40 |

---

[7] By way of illustration, the Court notes that CAG's independent review of the motion to dismiss, billed as a separate entry from the same day for 0.4, is not redundant. Doc. 51-5 at 4.

| 11/09/17 | ABJ | Draft email to CAG re: redactions to fee bill and providing recommendations re: same | 0.30 |
| 11/10/17 | ABJ | Call with CAG re: further edits to motion for fees | 0.20 |
| 11/13/17 | CAG | Communicate (in firm) with ABJ re: status | 0.20 |
| 11/13/17 | ABJ | Draft memo to CAG outlining updated case plan | 0.10 |
| 12/11/17 | CAG | Communicate (in firm) with ABJ re: filing reply memo | 0.10 |
| 12/11/17 | ABJ | Call with CAG re: drafting reply in support of motion for fees & case strategy | 0.10 |
| 12/17/17 | ABJ | Draft email memo to CAG outlining updated task list pertaining to fee motion | 0.10 |
| 12/21/17 | ABJ | Email exchanges with CAG re: 627.428 legislative history | 0.20 |
| 12/29/17 | ABJ | Email exchange and call with CAG re: revisions to reply brief | 0.30 |

Doc. 51-5 at 2–5, Doc. 52-1 at 2–4, and Doc. 59-1 at 2–3. These amount to a total reduction of 5.5 to Ms. Jordan's hours and 4 to Ms. Gudaitis's hours.

### 3. Time Spent Litigating Fees

Statutory fees under section 627.428 "may be awarded for litigating the issue of attorney's fees but not the amount of attorney's fees." *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993). GRC cites *Palma* but does not acknowledge the distinction or reduce its fee request accordingly. Although the Court is not able to distinguish whether hours billed for working on the original motion relate to entitlement or the amount of fees, both supplements relate solely to the amount of attorney's fees.[8] Doc. 52, Doc. 59. Ms. Jordan spent 4.8 hours on the first supplement.[9] Doc. 52-1 at 3. Therefore, the Court concludes that any hours spent as

---

[8] Each supplement is 6 pages long and contains sections largely copied from the initial motion, with the exception of the additional hours listed for litigating attorney's fees. Doc. 52 at 3; Doc. 59 at 3.

[9] No hours appear to have been billed for drafting the supplement to the reply. Doc. 59-1.

to either supplement are not awardable. Additionally, the Court finds the 3.5 hours Ms. Jordan spent drafting and the 0.2 hours Ms. Gudaitis spend revising a motion for an extension of time to file a fees motion that resulted from GRC's attorneys' failure to calendar the deadline for the motion to file fees should be reduced from the total hours spent litigating entitlement to fees. Doc. 52-1 at 2–3.

While the Court recognizes MCC contested entitlement to fees, it finds that the amount of time submitted to litigate attorney's fees, which include both entitlement to and the amount of fees, to be unreasonable. GRC submitted an invoice for 50.8 total hours for everything except attorney's fees and 48.5 total hours solely for attorney's fees. Combined with the supplement for filing a reply to MCC's response and yet another supplement, which total 25.4 hours, the time spent for the requested attorney's fees (73.9) exceeds the hours spent defending the case. Therefore, the Court will reduce the amount requested as to the first supplement, after eliminating the unreasonable specific time entries, by twenty-five (25) percent.

### 4. Miscellaneous Additional Charges

The following charges are either too vague for the Court to determine reasonableness or appear to relate to the Underlying Action, and therefore, are not reasonable fees incurred in defense of this action:

| Date | Atty | Description | Hours |
|---|---|---|---|
| 03/10/17 | CAG | Research re: Judge Postell [sic] | 0.20 |
| 05/18/17 | CAG | Confer with ABJ re: upcoming mediation in underlying case/strategy for same | 0.10 |
| 05/18/17 | ABJ | Telephone call with CAG re: mediation strategy | 0.10 |
| 05/23/17 | ABJ | Email exchanges with CAG re: underlying case mediation and related matters | 0.20 |
| 05/25/17 | ABJ | Telephone call to client re: upcoming mediation of underlying action | 0.10 |

| 05/30/17 | ABJ | Telephone call with Mr. Rogero re: upcoming mediation of underlying action and other related matters | 0.30 |
| 05/30/17 | ABJ | Telephone call with Mr. Anderson re: request for mediation statements | 0.10 |
| 05/30/17 | ABJ | Draft emails to CAG summarizing calls with Mr. Rogero & Mr. Anderson | 0.20 |
| 06/30/17 | ABJ | Draft email to CAG outlining call with Mr. Anderson re: recent mediations and arbitration | 0.20 |

### III. CONCLUSION

Based on the foregoing, the Court recommends the following adjustments to GRC's requested attorneys' fees, divided by invoice for ease of reference.

Initial Invoice

| Requested Hours | Recommended Reduction | Attorney and Rate | Remaining Hours | Total |
|---|---|---|---|---|
| 29.40 | 3.20 | CAG @ $400/hour | 26.20 | $10,480.00 |
| 21.40 | 3.30 | ABJ @ $225/hour | 18.10 | $4,072.50 |

Supplement 1

| Requested Hours | Recommended Reduction | Attorney and Rate | Remaining Hours | Total |
|---|---|---|---|---|
| 3.90 | 1.35 | CAG @ $400/hour | 2.55 | $1,020.00 |
| 44.60 | 19.50 | ABJ @ $225/hour | 25.10 | $5,647.50 |

Supplement 2

| Requested Hours | Recommended Reduction | Attorney and Rate | Remaining Hours | Total |
|---|---|---|---|---|
| 0.50 | 0.10 | CAG @ $400/hour | 0.40 | $160.00 |
| 24.90 | 0.70 | ABJ @ $225/hour | 24.20 | $5,445.00 |

ACCORDINGLY, it is hereby

**RECOMMENDED:**

G.R. Construction Management, Inc.'s Verified Motion for Attorney's Fees (Doc. 51) be **GRANTED in part and DENIED in part** and Defendant be awarded $26,825.00 in attorney's fees.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of May, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record